Sophie L. Grau, as Administratrix of the Estate of Ernest L. Grau, Jr., Deceased, Appellant, v. State of New York, Respondent. (Claim No. 30695.) — Appeal from a judgment of the Court of Claims, which dismissed a death claim against the State. Claimant's intestate was killed in an automobile accident which happened on a State highway, known as Route 41, a short distance north of the village of Homer, New York. The intestate's companion, presumably the driver of the car, was also killed. The car left the highway, knocked down two concrete posts and crashed into a tree. There were no witnesses to the accident and both occupants were dead when the wrecked car was discovered. The evidence was insufficient upon which to base a finding that any negligence on the part of the State in the construction and maintenance of the highway in question was a proximate cause of the accident. Judgment unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.

■

In the Matter of the Accounting of National Commercial Bank and Trust Company of Albany, as Executor of Lilian G. McChesney, Deceased, Respondent. Peter M. Crounse et al., Appellants; Le Roy Crounse et al., Respondents.— Cross appeals from a decree of the Albany County Surrogate's Court entered February 3, 1953. The will of Lilian McChesney provided that " I give * * * all the * * * residue " of " my " estate to the nephews and nieces of her husband named in his will in such proportion or ratio as he distributed his residuary estate. The Surrogate has held this was a complete disposition of all of this testatrix' residuary. It is argued by appellants Brown and those who join with her on that appeal that since the wife received part of the husband's residuary this so disturbed the ratio among the husband's nephews and nieces that the wife was intestate as to the ratio that would have been her share, and the " in such proportions " used by her only passed to the named beneficiaries the proportion of the wife's estate that they had in the husband's estate. The weakness of this argument is that this decedent wife gave specifically " all " of the residue of " my " estate to named beneficiaries which swept in, so the Surrogate held and so we also think, her entire residue. On the appeal by Crounse the increase in the husband's will to him by codicil was in the amount of a specific legacy. It did not affect the ratio that he was entitled to receive in the residuary, and that test, and not the amount of any specific legacy, was expressly provided by the wife to fix the ratio in her residuary clause. Decree unanimously affirmed, with costs to be divided among respondents filing briefs and with disbursements to each such respondent payable from the estate. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ. [See 283 App. Div. 838.]